**ACADEMY OF MODEL AERONAUTICS, INC. and Gene Hempel, Relators,**

v.

**The Honorable Anne Ashby PACKER, District Judge, 134th Judicial District, Respondent.**

**No. D–4005.**

Supreme Court of Texas.

Sept. 10, 1993.

Arthur K. Smith, Dallas, for relators.

Randall R. Kucera, Mark L. Johansen, Leonard A. Hirsch, David H. Harper and Rodger I. Kohn, Dallas, for respondent.

PER CURIAM.

In this original mandamus proceeding Relators, Academy of Model Aeronautics, Inc. (AMA) and Gene Hempel, seek a writ of mandamus directing the trial court to vacate an order appointing and referring all discovery matters to a master.

In the underlying cause of action, Sport Flyers Association, Inc. (SFA), an association of remote control model airplane fliers, sued AMA, a competitor association, and six indi-vidual defendants alleging that AMA and the individual defendants made false statements concerning the insurance coverage SFA provided to its members. AMA counterclaimed asserting similar claims against SFA. Both SFA and AMA seek injunctive relief as well as monetary damages. On SFA's motion, the trial court appointed a special master to hear all pending and future discovery matters. At the time the motion to appoint a master was heard, there were four pending discovery motions, the earliest of which had been filed December 18, 1992. A fifth discovery motion had been heard by a visiting judge. The record reveals that without having ever heard or considered any discovery matter pending in this action, the trial court entered a blanket order appointing a master and referring all pending and future discovery matters to the master.

In accordance with our decision in *Simpson v. Canales*, 806 S.W.2d 802 (Tex. 1991), we hold that the trial court abused its discretion in entering the order referring all pending and future discovery matters to a master. Pursuant to Rule 122 of the Texas Rules of Appellate Procedure and without hearing oral argument, a majority of this court conditionally grants Relators' petition for writ of mandamus. We are confident that Respondent will promptly vacate the order appointing a master. A writ of mandamus will issue only if she does not.